IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NEIL L. FISHER, M.D., P.A. d/b/a** | § | |
| **PARAGON ANESTHESIA** | § | |
| **ASSOCIATES, P.A., et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:10-CV-2652-L** |
| | § | |
| **BLUE CROSS BLUE SHIELD OF TEXAS**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1), filed January 24, 2011; Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), filed January 24, 2011; Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7), filed January 24, 2011; Defendant's Motion to Dismiss and Compel Arbitration as to all Parties, Alternatively, Motion to Sever and Compel Arbitration as to Paragon Anesthesia Associates and Motion to Stay Case, filed February 28, 2011; and Defendant's Motion to Deem Rule 12(b)(1), Rule 12(b)(6), and Rule 12(b)(7) Motions to Dismiss as Filed Against Plaintiffs' First Amended Complaint, filed February 28, 2011. Pursuant to 28 U.S.C. § 636(b), the court referred these motions to the magistrate judge on March 10, 2011, to submit findings and recommendations. On June 27, 2011, the Findings, Conclusions, and Recommendation ("Report") of the magistrate judge was filed. No objections were filed to the report.

**I.    Procedural and Factual Background**

Paragon Anesthesia Associates, P.A. ("PAA"), Paragon Office Services, LLC ("POS"), and Paragon Ambulatory Health Resources, LLC ("PAHR") (collectively, "Plaintiffs") initially filed

**Memorandum Opinion and Order- Page 1**

Plaintiffs' Original Petition on November 17, 2010, in the 298th Judicial District Court, Dallas County, Texas. Defendant BlueCross Blue Shield of Texas, Inc. ("BCBSTX" or "Defendant") subsequently removed the action to federal court on December 30, 2010, alleging that diversity of citizenship existed between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest. Plaintiffs filed their First Amended Complaint, the live pleading, on February 14, 2011, which substituted Neil L. Fisher, M.D., P.A. d/b/a Paragon Anesthesia Associates, P.A. in the place of Paragon Anesthesia Associates. Plaintiffs allege claims for breach of express contract, breach of implied contract, fraud, theft of services, quantum meruit, unjust enrichment, tortious interference with existing contracts and prospective business relationships, defamation and business disparagement, estoppel, and quasi-estoppel. Plaintiffs also seek exemplary damages, attorney's fees, and prejudgment and postjudgment interest.

On February 28, 2011, Defendant filed its Motion to Deem Rule 12(b)(1), Rule 12(b)(6), and Rule 12(b)(7) Motions to Dismiss as Filed Against Plaintiffs' First Amended Complaint, requesting that the court deem its previous motions to dismiss to apply to Plaintiffs' First Amended Complaint. Defendant also indicated that it was only urging its January 24, 2011 motions to dismiss subject to the court's denial of its February 28, 2011 Motion to Dismiss and Compel Arbitration as to all Parties, Alternatively, Motion to Sever and Compel Arbitration as to Paragon Anesthesia Associates and Motion to Stay Case.

Plaintiffs provide general anesthesia to obstetricians and gynecologists during in-office surgeries. Fisher entered into a Group Managed Care Agreement ("Agreement") that provides for the payment of services furnished by an anesthesiologist. PAHR entered into a ParPlan provider agreement, and both POS and PAHR allegedly have implied contracts with Defendant for payment

for the services. Plaintiffs collectively allege that Defendant failed to pay them for services performed for Defendant's plan members and that Defendant improperly sought to recoup past compensation paid to Plaintiffs. Further, Plaintiffs contend that Defendant made false representations to physicians and patients.

## II.     Magistrate Judge Toliver's Findings and Conclusions

In her Report, Magistrate Judge Renee Harris Toliver recommended that Defendant's motions to dismiss be denied. The magistrate judge also recommended that Defendant's Motion to Dismiss and Compel Arbitration as to all Parties, Alternatively, Motion to Sever and Compel Arbitration as to Paragon Anesthesia Associates and Motion to Stay Case be granted in part and denied in part.

In its February 28, 2011 Motion to Dismiss and Compel Arbitration as to all Parties, Alternatively, Motion to Sever and Compel Arbitration as to Paragon Anesthesia Associates and Motion to Stay Case, Defendant argues that the dispute resolution provision in the Agreement is mandatory to PAA and that the remaining claims brought by PAHR and POS should be stayed. Further, Defendant contends that Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(6), and (b)(7).

The magistrate judge considered: (1) whether the arbitration provision in the Agreement between PAA and Defendant is permissive or mandatory; (2) whether the arbitration provision applies to PAHR and POS; (3) whether any of Plaintiffs' claims not subject to the mandatory dispute provision should be dismissed pursuant to Defendant's 12(b) motions; and (4) whether any of the remaining claims should be stayed, if some claims are subject to the arbitration provision.

### A. Arbitration Provision Between PAA and Defendant

The magistrate judge concluded that the arbitration of the Agreement is mandatory as to PAA, and thus binds Defendant and PAA to resolve the current claims in accordance with the arbitration provision insofar as they concern the subject matter outlined in the Agreement. After reviewing Plaintiffs' First Amended Complaint, the magistrate judge recommended that Plaintiff PAA's claims for breach of contract, fraud, theft of services, unjust enrichment, quantum meruit, and estoppel be dismissed with prejudice because those claims are subject to mandatory arbitration under the Agreement. The magistrate judge found that the claims are arbitrable because they are so interwoven with the Agreement that they could not be litigated without reference to the Agreement. The magistrate judge, however, found that PAA's claims of tortious interference and defamation and business disparagement can be litigated without reference to the Agreement and, thus, are not subject to the mandatory arbitration under the Agreement.

### B. Arbitration Provision Between Defendant and PAHR and POS

The magistrate judge concluded that PAHR and POS are not subject to the arbitration provision of the Agreement. The magistrate judge found that ordinary principles of contract and agency law do not bind PAHR and POS to the mandatory arbitration terms of the Agreement.

### C. Defendant's 12(b)(1), (b)(7) Motions to Dismiss

The magistrate judge recommended that the district court deny Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7). Defendant contends that PAA lacks capacity to sue. The magistrate judge found that Defendant's argument is moot because Plaintiffs remedied the insufficiencies by filing their First Amended Complaint, which substituted Dr. Neil L. Fisher, M.D., d/b/a Paragon

Anesthesia Associates, P.C. in the place of Paragon Anesthesia Associates. Accordingly, the magistrate judge recommended denying Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7).

### D. Defendant's 12(b)(6) Motion to Dismiss

In Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), Defendant seeks dismissal of eight claims.

First, Defendant contends that PAHR and POS's breach of implied contract claim should be dismissed for failure to allege the implied contractual obligations. The magistrate judge concluded that Plaintiffs' First Amended Complaint adequately described the allegations for a breach of implied contract claim in a sufficiently specific manner to give Defendant notice of the nature of the claim and the grounds upon which it rests.

Defendant further contends that PAHR and POS's fraud claim should be dismissed because it is not sufficiently pleaded. The magistrate judge found that Plaintiffs presented well-pleaded factual allegations regarding their fraud claim that infer that evidence on the material points of Plaintiffs' fraud will be introduced at trial. Consequently, the magistrate judge concluded that Plaintiffs properly pleaded a claim for fraud that gives Defendant fair notice of the claim and the grounds upon which the claim rests.

Defendant next alleges that PAHR and POS failed to plead a claim for theft of services because Plaintiffs did not specify any statutory basis in the Texas Penal Code for their claim. The magistrate judge found that Plaintiffs titled their cause of action "Theft of Services," which is the title of one of the specified sections of the penal code that falls within the definition of theft.

Consequently, the magistrate judge found that Plaintiff properly pleaded a claim for theft of services that gives Defendant fair notice of the claim and the grounds which it rests.

Also, Defendant contends that PAHR and POS's quantum meruit claims should be dismissed because Defendant received no benefit from Plaintiffs. The magistrate judge found that while the immediate beneficiaries of Plaintiffs' medical services were Plaintiffs, taking the facts alleged in Plaintiffs' First Amended Complaint as true, Defendant received the benefit of having its obligations to its plan members discharged. Consequently, the magistrate judge concluded that Plaintiffs properly pleaded a claim for quantum meruit that gives Defendant fair notice of the claim and the grounds upon which it rests.

Further, Defendant contends that PAHR and POS's unjust enrichment claim must be dismissed because unjust enrichment is not an independent cause of action. The magistrate judge found that under Texas and Fifth Circuit jurisprudence, unjust enrichment exists as a independent cause of action. Consequently, the magistrate judge concluded that Plaintiffs properly pleaded a claim for unjust enrichment that gives Defendant fair notice of the claim and the grounds upon which it rests.

Additionally, Defendant contends that Plaintiffs' tortious interference with an existing contract and prospective business relationships claim should be dismissed pursuant to 12(b)(6). Specifically, Defendant contends that Plaintiffs failed to plead the elements of tortious interference. The magistrate judge found that Plaintiffs alleged enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of tortious interference. Accordingly, the court concluded that Plaintiffs properly pleaded a claim for tortious interference that gives Defendant fair notice of the claim and the grounds upon which it rests.

Defendant further contends that Plaintiffs' defamation and business disparagement claims should be dismissed because Plaintiffs failed to plead the proper elements. Specifically, Defendant alleges that Plaintiffs did not plead the element of negligence to satisfy their defamation claim. The magistrate judge found that Plaintiffs sufficiently pleaded the element of negligence by stating that [BCBSTX] knew or should have known that the statements they made were false. The magistrate judge concluded that Plaintiffs' accusations raise a reasonable expectation that discovery will reveal evidence that sufficiently supports Plaintiffs' defamation and business disparagement claims.

Last, Defendant contends that PAHR and POS's estoppel claims should be dismissed because they are not sufficiently supported by facts. Defendant alleges that Plaintiffs have failed to allege false representation or that Defendants concealed material facts to support their estoppel claim. Further, Defendant contends that PAHR and POS's quasi-estoppel claim fails because no benefit was conferred to Defendants. The magistrate judge found that Plaintiffs properly pleaded that Defendant made false representations or concealed material facts, along with the remaining elements to support their estoppel claim. Further, the magistrate judge found that taking the facts alleged in Plaintiffs' First Amended Complaint as true, Defendant received the benefit of having its obligations to its plan members discharged. Accordingly, the magistrate judge found that Plaintiffs properly pleaded claims for estoppel and quasi-estoppel that give Defendant fair notice of the claims and the grounds upon which the claims rest.

### E.  Defendant's Motion to Stay

The magistrate judge recommended that the court deny Defendant's Motion to Stay. Defendant requests that the court stay all claims not dismissed in lieu of mandatory arbitration pending the conclusion of the arbitration proceedings. The magistrate judge found that the decision

**Memorandum Opinion and Order- Page 7**

to stay litigation among the non-arbitrating parties pending the outcome of arbitration is one left to the discretion of the district court. The magistrate judge recommended that the remaining claims should not be stayed because the claims in arbitration revolve around an express contract while the remaining claims revolve around an implied contract and torts that are not connected to the Agreement. Further, the magistrate judge found that because there are time limits on the arbitration proceedings, it is unlikely that there will be a negative impact on this case. The magistrate judge concluded that the parties should be able to complete arbitration before disposing of the remaining pending claims. Consequently, the magistrate judge recommended that the district court deny Defendant's motion to stay the remaining claims. The court agrees with the magistrate judge. If circumstances change that require the court to reconsider this matter, it will do so *sua sponte* or on a party's motion.

### III. Conclusion

Having reviewed the pleadings, file, record in this case, and the Report, the court determines that the findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the court **denies** Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7), filed January 24, 2011; **denies** Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1), filed January 24, 2011; **denies** Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6); and **denies** Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, filed February 28, 2011.

Further, the court **grants in part and denies in part** Defendant's Motion to Dismiss and Compel Arbitration as to all Parties, Alternatively, Motion to Sever and Compel Arbitration as to Paragon Anesthesia Associates and, Motion to Stay Case. Specifically, for the reasons herein stated,

PAA's claims for breach of contract, fraud, theft of services, unjust enrichment, quantum meruit, and estoppel are **dismissed with prejudice** from this action and are to be arbitrated. Accordingly, Defendant Blue Cross Blue Shield of Texas and Plaintiff Neil Fisher, M.D., P.A. d/b/a Paragon Anesthesia Associates, P.A. are **ordered** to participate in arbitration as outlined in Part X, paragraph (I) of the Agreement with respect to PAA's claims for breach of contract, fraud, theft of services, unjust enrichment, quantum meruit, and estoppel claims. Further, Defendant and PAA are **ordered** to complete the arbitration within the time limits outlined in Part X, paragraph (I) of the Agreement. All other claims remain for disposition. Further, in light of the court's ruling, the court **denies as moot** Defendant's Motion to Sever, and **denies** Defendant's Motion to Stay Case.

Finally, the court notes that in Plaintiffs' First Amended Complaint, Plaintiffs incorrectly list the parties' names in the caption. The court **instructs** the parties to list correctly the parties' names in the caption for all future filings.

**It is so ordered** this 3rd day of August, 2011.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge