IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NEIL L. FISHER, d/b/a PARAGON ANESTHESIA ASSOCIATES, PA** *et al.*, | § § § § |
| Plaintiffs, | § § |
| v. | §  Civil Action No. **3:10-CV-2652-L** |
| | § |
| **BLUE CROSS BLUE SHIELD OF TEXAS INC.**, | § § § |
| | § |
| Defendant. | § |

## ORDER

Before the court is BCBSTX's Objections to and Appeal from the Magistrate Judge Toliver's August 16, 2013 Order ("Objections") (Doc. 191), filed August 30, 2013; and Plaintiff's Response to BCBTX's Objections to and Appeal from Magistrate Judge Toliver's August 16, 2013 Order (Doc. 193), filed September 13, 2013. For the reasons set forth herein, the court **sustains in part** and **overrules in part** BCBSTX's Objections to and Appeal from the Magistrate Judge Toliver's August 16, 2013 Order.

On August 16, 2013, the magistrate judge entered an order (Doc. 184) denying Defendant's Motion to Exclude the Expert Opinion Testimony of Neil L. Fisher, M.D. ("Fisher"); denying Defendant's Motion to Exclude the Expert Opinion Testimony of Dr. Ronald T. Luke ("Luke"); and granting in part Plaintiffs' Motion to Exclude the Expert Testimony of David Fuller ("Fuller"). On August 30, 2013, Defendant filed objections to the order. In its objections, Defendant contends that the magistrate judge erred in denying its motion to exclude the testimony of Fisher because under Federal Rule of Civil Procedure 701, he should not be able to testify about the amount of damages

Order - Page 1

lost by Plaintiffs due to "lost opportunities." Objections at 1. Defendant further contends that magistrate judge erred in denying its motion to exclude the testimony of Luke because Plaintiffs have not explained how Luke's calculated damages are recoverable under any of the causes of action in the Second Amended Complaint and Luke has no prior experience with the conduct at issue. *Id*. at 1-2. Defendant argues that for these reasons, allowing Luke's testimony would violate Rule 702 and the requirements set forth in *Daubert*. *Id*. at 2. Finally, Defendant contends that the magistrate judge erred in granting in part Plaintiffs' motion to exclude the testimony of Fuller because his use of the negotiated ambulatory surgical center ("ASC") rates in his calculations appropriately rebuts Dr. Luke's calculations and because the magistrate judge was incorrect in concluding that Fuller based his hospital anesthesia charge calculations on a mischaracterization of Luke's testimony. *Id*. at 19-25.

In their response, Plaintiffs first assert that the magistrate judge was correct in stating that Fisher's testimony does not fall under Rule 702 and was correct in stating that Fisher's testimony is admissible under Rule 701. Pl.'s Resp. to BCBSTX's Objections to and Appeal from Magistrate Judge Toliver's Aug. 16, 2013 Order ("Response") at 3-10. Plaintiffs contend that Fisher has been "intimately involved with the growth and development of his business since its inception" and that relying on and trusting conclusions reached by an advisor does not affect the admissibility of Fisher's testimony. *Id*. at 7. Plaintiffs further assert that the magistrate judge correctly found that Luke's testimony is relevant. *Id*. at 11-14. Additionally, Plaintiffs contend that Luke's conclusions were reached based on his "extensive knowledge of both the health care industry generally and his experience running a medical cost management services company that assisted both self-insured employers and insurance carriers." *Id*. at 15. Finally, Plaintiffs assert that the magistrate judge

Order - Page 2

correctly found that Fuller's hospital anesthesia charge calculations were based on a mischaracterization of Luke's testimony. *Id*. at 17-21. Plaintiffs also contend that the magistrate judge correctly excluded Fuller's calculations that used irrelevant ASC data and any testimony that relied on those calculations.

After considering the motions, record in this case, applicable law, the magistrate judge's order, Defendant's objections, and Plaintiffs' Response, the court **overrules** Defendant's objections to the magistrate judge's determinations regarding Defendant's Motion to Exclude the Expert Opinion Testimony of Neil L. Fisher, M.D., and Defendant's Motion to Exclude the Expert Opinion Testimony of Dr. Ronald T. Luke, as set forth in her August 16, 2013 order. Additionally, in regards to Plaintiffs' Motion to Exclude the Expert Testimony of David Fuller, the court agrees with the magistrate judge that the motion should be granted in part and denied in part; however a few clarifications are in order. The magistrate judge excluded only two parts of Fuller's testimony: (1) his calculations used to compare hospital-based charges for anesthesia services to the charges of anesthesia equipment and supplies that Plaintiffs provide and (2) his testimony relying on certain ASC reimbursement rates.

The court understands the magistrate judge's concern that Fuller may have relied on a distortion of Luke's testimony. The court, however, believes that a rigorous cross examination by Plaintiffs serves as a more effective method of exposing the alleged flaws in Fuller's testimony rather than a full exclusion. Therefore, the court **sustains** Defendant's objection to the magistrate judge's determinations regarding Plaintiff's Motion to Exclude as it relates to Fuller's calculations of the anesthesia services provided by the hospital and by Plaintiffs. Additionally, the court also appreciates the magistrate judge's concern that Fuller relied on rates from ASCs that do not perform

gynecological surgeries.  Instead of excluding Fuller's testimony, the court **overrules** Defendant's objection to the magistrate judge's determinations regarding Plaintiff's Motion to Exclude as it relates to the ASC data but will allow Fuller to recalculate the ASC data using the ASCs that provide the valid gynecological surgeries.

Accordingly, the court **sustains in part** and **overrules in part** Defendant's objections to the magistrate judge's decisions regarding Defendant's Motion to Exclude the Expert Opinion Testimony of Neil L. Fisher, M.D. (Doc. 136), Defendant's Motion to Exclude the Expert Testimony of Dr. Ronald T. Luke (Doc. 141), and Plaintiffs' Motion to Exclude the Expert Testimony of David Fuller (Doc. 139).  The court **allows** Fuller 10 days to recalculate the ASC rates based on those that perform gynecological surgeries.

**It is so ordered** this 6th day of November, 2013.

_____
Sam A. Lindsay
United States District Judge