IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEAL L. FISHER, M.D., P.A., d/b/a Paragon Anesthesia Associates; Paragon Office Services, LLC; Paragon Ambulatory Health Resources, LLC; Paragon Ambulatory Physicians Services, PA; and Office Surgery Support Services, LLC, §§§§§§§§ | |
| Plaintiffs and Counter-Defendants, § | |
| v. § | Civil Action No. **3:10-CV-2652-L** |
| **BLUE CROSS BLUE SHIELD OF TEXAS**, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company, §§§§§ | |
| Defendant, Counter-Plaintiff, and Third-Party Plaintiff, §§ | |
| v. § | |
| **NEAL L. FISHER, M.D.,** § | |
| Third-Party Defendant. § | |

## AMENDED FINAL JUDGMENT

This civil action was tried before the court and a jury on September 19, 20, 21, 22, 23, 27, 28, 29, 30, and October 3, 2016. The court issues this Amended Final Judgment in accordance with its Memorandum Opinion and Order (Doc. 28), filed August 3, 2011; its Memorandum Opinion and Order (Doc. 294), filed September 23, 2015; the Stipulation of the Parties (Doc. 208), filed January 15, 2014; the jury's verdict of October 3, 2016; the court's Memorandum Opinion and Order (Doc. 424), filed February 1, 2017; and Blue Cross Blue Shield of Texas' Notice of Revised Prejudgment Interest Calculation (Doc. 425), filed February 7, 2017.

**Amended Final Judgment – Page 1**

The jury returned its verdict on October 3, 2016, and made several findings. First, the jury found in answer to Question No. 1 that neither Paragon Ambulatory Physicians Services, PA ("PAPS") nor Office Surgery Support Services, LLC ("OSSS") proved by a preponderance of the evidence that an implied contract existed between them and Blue Cross Blue Shield of Texas ("BCBS") in which BCBS agreed to pay PAPS and OSSS for each delivery of anesthesia equipment, drugs, and supplies used during surgeries performed at the offices of physicians.[*]

In accordance with the court's instructions, the jury proceeded to page 17 of the Court's Charge to the Jury and answered Question No. 7. The jury found that BCBS proved by a preponderance of the evidence that Neal Fisher, Paragon Anesthesia Associates ("PAA"), PAPS, OSSS, Paragon Ambulatory Health Resources, LLC ("PAHR"), and Paragon Office Services, LLC ("POS") have money in equity and good conscience that belongs to BCBS.

The jury, in accordance with the court's instructions, proceeded to answer Question No. 8. In answering Question No. 8, the jury found that of the six parties listed in Question No. 7, Neal Fisher had $1,128,419.56 that in equity and good conscience belongs to BCBS.

Finally, in accordance with the court's instructions, the jury found in answer to Question No. 9 that BCBS proved by a preponderance of the evidence that Neal Fisher and PAA, PAHR, POS, OSSS and PAPS are alter egos of each other such that they are responsible for the conduct of each other.

After reading the verdict in open court, the court polled each juror individually, and each juror responded affirmatively that the verdict as herein set forth was his or her verdict.

---

[*] On September 28, 2016, after inquiry by the court regarding their quasi-estoppel claim, Plaintiffs withdrew the claim and stated that they would not request a submission to the jury regarding quasi-estoppel.

**Amended Final Judgment – Page 2**

Accordingly, it is hereby **ordered, adjudged** and **decreed** that:

A.  PAA, PAPS and OSSS's claims for tortious interference, defamation, and business disparagement; PAPS and OSSS's claims for fraud, unjust enrichment, estoppel and quantum meruit; and all claims of POS and PAHR are dismissed with prejudice, and judgment is entered in favor of BCBS on all of the previously stated claims;

B.  All claims asserted by POS and PAHR are dismissed with prejudice, and judgment is entered in favor of BCBS with respect to these claims;

C.  PAPS and OSSS's claims for breach of implied contract are dismissed with prejudice, and judgment is entered in favor of BCBS with respect to these claims;

D.  Fisher, PAA, PAPS, OSSS, POS, and PAHR take nothing against BCBS with respect to the claims set forth above in sections A, B, and C;

E.  Judgment is hereby entered in favor of BCBS and against Neal Fisher, PAA, PAPS, OSSS, PAHR, and POS, jointly and severally, with respect to BCBS's counterclaims and third-party claims for money had and received and alter ego.

F.  BCBS is entitled to and shall recover from Fisher, PAA, PAPS, OSSS, PAHR, and POS, jointly and severally, the sum of **$1,128,419.56**;

G.  BCBS is entitled to and shall recover from Fisher, PAA, PAPS, OSSS, PAHR, and POS, jointly and severally, the sum of **$283,699.57** as prejudgment interest;

H.  All allowable and reasonable costs of court are taxed against Plaintiffs;

I.  Postjudgment interest shall accrue on the total judgment amount of **$1,412,119.13** (jury award plus prejudgment interest) at the applicable federal rate of **.83** percent per annum from the date of entry of this Amended Final Judgment until it is paid in full;

J.  The court's Final Judgment (Doc. 405), entered October 19, 2016, is **vacated**; and

**Amended Final Judgment – Page 3**

K.    All relief not specifically granted herein is denied, unless the Federal Rules of Civil Procedure or a statute authorizes additional relief.

Signed this 9th day of February, 2017.

                                          Sam A. Lindsay
                                          United States District Judge